NO. 07-05-0196-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 7, 2005

_____

SAMMY RICHARD MARTINEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 16,213-C; HONORABLE PATRICK A. PIRTLE, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, appellant Sammy Richard Martinez was convicted by a jury of aggravated robbery and punishment was assessed at 30 years confinement. The clerk's record was filed on August 23, 2005. The reporter's record was due to be filed on Friday, August 19, 2005, but has yet to be filed. By letter dated September 8, 2005, an extension of time was granted in which to file the reporter's record and appointed counsel,

Ron Spriggs, was directed to certify by September 28, 2005, whether he had complied with Rules 34.6(b)(1) and 35.3(b) of the Texas Rules of Appellate Procedure. Counsel did not respond. Thus, we now abate the appeal and remand the cause to the trial court for further proceedings. *See* Tex. R. App. P. 37.3(a)(2).

Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute this appeal, and if so,
2. why appellant has been deprived of a reporter's record.

The trial court shall cause the hearing to be transcribed. Should it be determined that appellant does want to continue this appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel. The trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental records with the Clerk of this Court by Friday, November 4, 2005.

It is so ordered.

Per Curiam

Do not publish.

2